OPINION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO MARTINEZ, JR., <br> Movant, | § § § § | |
| v. | § § | Civil Action No. B-13-155 <br> (Criminal Action No. B-10-1119) |
| | § § | |
| UNITED STATES OF AMERICA, <br> Respondent. | § § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of the pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (hereinafter, "2255 Motion") filed by Juan Antonio Martinez, Jr. Dkt. No. 1. Respondent, United States of America (hereinafter, "the Government"), has filed an Amended Motion to Dismiss, Motion for Summary Judgment, and Response to Martinez's 2255 Motion (hereinafter, the "Government's Motion"). Dkt. No. 17. For the reasons provided below, the undersigned recommends that the Court (1) grant the Government's Motion, to the extent it argues that dismissal is proper pursuant to 28 U.S.C. § 2255(f); and (2) dismiss Martinez's 2255 Motion (Dkt. No. 1) as time-barred pursuant to 28 U.S.C. § 2255(f).

## I. Jurisdiction

Martinez is challenging the judgment of conviction and/or sentence entered by this District Court on April 3, 2012. *See United States of America v. Juan Antonio Martinez, Jr.,* 1:10-cr-1119-2, Dkt. No. 185.[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2255.

## II. Background

On August 25, 2011, Martinez pleaded guilty in this District Court to "Conspiracy to Possess with Intent to Distribute a Quantity Exceeding 100 Kilograms of Marihuana," in violation of 21 U.S.C. § 846(a)(1), § 846(b)(1)(B). *See* CRDE 185 at 1. On March 19, 2012, United States District Judge Hilda Tagle sentenced Martinez to (1) 156 months of imprisonment; (2) 54 months of supervised release, with special conditions; (3) 100 hours of community service; and (4) a special assessment of $100.00. *Id.* at 1-5. Martinez's Judgment was signed on April 2, 2012, and entered on April 3, 2012. *Id.* Martinez did not file a direct appeal.

Instead, on August 13, 2013, Martinez filed his instant 2255 Motion. Dkt. No. 1 at 12.[2] Martinez's 2255 Motion raises one ground for relief. Specifically, he states

---

[1] Hereinafter, Martinez's criminal case docket entries will be referred to as "CRDE [docket number]".

[2] Martinez's Motion is considered filed on August 13, 2013, because he certifies that he placed his Motion in the prison mailing system on that date. *See Spotsville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is filed on the day it is placed in the prison mailing system); *United States v. Young,* 966 F.2d 164, 165 (5th Cir.

that he received ineffective assistance of counsel because he instructed his counsel to file an appeal on his behalf and his counsel failed to comply. *Id*. at 4. Martinez does not elaborate on this claim, except to say that he believed his counsel had filed the appeal and thought his counsel would find him and update him, but he did not. *Id*. at 11.

The Government argues that Martinez's 2255 Motion is untimely and should be dismissed pursuant to 28 U.S.C. § 2255(f)(1). Dkt. No. 17 at 7-11. In brief, the Government states that Martinez's Motion was filed almost four months past his limitations date, and equitable tolling does not apply. *Id*. The Government additionally argues that Martinez's claim is contradicted by the "Statement on Right to Appeal" filed by his counsel on the day Martinez was sentenced. *Id*. at 12-13. This Statement contains Rene E. De Coss's assertions that he informed Martinez of his appellate rights, but that Martinez did not instruct him to appeal. *Id*. at 13 (citing CRDE 179).

### III.  28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside or correct his sentence if (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by

---

1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## IV. Discussion

Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3] amended 28 U.S.C. § 2255 to provide for a one-year limitations period applicable to motions filed under 28 U.S.C. § 2255. *See* 28 U.S.C.A. § 2255(f). Pursuant to § 2255(f), the one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

28 U.S.C.A. § 2255(f).

In this case, Martinez has not submitted any information invoking § 2255(f)(2)-(4). Accordingly, § 2255(f)(1) applies to his 2255 Motion. Pursuant to § 2255(f)(1), Martinez's one-year limitations period began to run on the date his conviction became final. Where a defendant does not appeal, the judgment of conviction becomes final on the last day the defendant could have filed a notice of appeal. *United States v. Scruggs*, 691 F. 3d 660, 669 (5th Cir. 2013); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Pursuant to Rule 4(b)(1)(A)(1) of the Federal Rules of Appellate Procedure, Martinez had fourteen days from the entry of his final Judgment to file his notice of appeal. FED. R. APP. P. 4(b)(1)(A)(1).

Martinez's Judgment was entered on April 3, 2012. CRDE 185. Counting from this date, Martinez's Judgment became final on April 17, 2012, because he did not file a direct appeal. His limitations period expired one year later on April 17, 2013. *See* 28 U.S.C. § 2255(f)(1). Martinez's instant 2255 Motion is time-barred by nearly four months because he did not file it until August 13, 2013. Dkt. No. 1 at 12.

A.   **Statutory and Equitable Tolling**

The conclusion that Martinez's 2255 Motion is untimely is not disturbed by the availability of statutory or equitable tolling. No basis for statutory tolling exists in this case because all of Martinez's relevant proceedings occurred here in federal court.

Unlike the statutory tolling available for some state proceedings,[4] none of Martinez's federal proceedings provide a statutory basis for tolling his limitations period. Further, while Martinez implies that his counsel's alleged failure to pursue a requested appeal justifies his failure to file a timely § 2255 motion (Dkt. No. 1 at 11), Martinez has failed to show that he is entitled to equitable tolling of his limitations date.

It is well-established that the AEDPA limitations period is strictly construed. *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002) ("Congress has imposed a strict one-year limitations period for the filing of all habeas petitions under the AEDPA, subject only to the narrowest of exceptions."). Equitable tolling is only warranted in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Being pro se or ignorant of the law does not qualify as the sort of rare and exceptional circumstance justifying equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

A movant under § 2255 "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[4] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). *See also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (same). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. 631, 653 (internal quotation marks and citations omitted). The movant bears the burden of establishing an entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling decisions "'must be made on a case-by-case basis[.]'" *Palacios v. Stephens*, 723 F.3d 600, at 606 (quoting *Holland*, 560 U.S. 631, 649-650). Such decisions do not lend themselves to "'bright-line rules[.]'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 n. 9 (5th Cir. 1999)).

Under *Holland,* the Court must first determine whether Martinez exercised reasonable diligence in pursuing his § 2255 rights. *See Holland*, 560 U.S. 631, 649. As stated above, Martinez's sole § 2255 claim is that his counsel, Rene E. De Coss (hereinafter, "De Coss"), provided him with ineffective assistance by failing to file a requested appeal on his behalf.

> Immediately following my sentencing hearing I told my lawyer to file an appeal. I soon went into state custody and lost contact with him. I thought I had an appeal pending all this time. When I came to federal prison I wrote to the court to find out how my appeal was doing and received a letter telling me that no appeal was filed.

Dkt. No. 1 at 4 (errors in original). Martinez implies that his claim also qualifies as a basis for equitable tolling.

> I was sentenced on March 19, 2012, which is over a year ago. But I told my lawyer to file an appeal and believed he did. I went into state custody and lost touch with my lawyer. I thought he would find me and tell me what was happening. He never did. And so when I came to federal

7

>prison I wrote to the court and found out that no appeal was made. I am submitting this motion within a week of receiving this form from the court.

*Id.* at 11 (errors in original).

Martinez's 2255 Motion does not elaborate on these above-quoted statements. He has made no other allegations in this case, and he has failed to respond to the Government's Motion, despite being provided with an opportunity to file a response. *See* Dkt. No. 14 at 1 ("If Martinez chooses to file a response to the Government's corrected motion or response, he must do so within 21 days of being served with the Government's corrected motion or response."). Accordingly, the undersigned will analyze Martinez's above-quoted statements as they pertain to the reasonable diligence inquiry.

Martinez states that after returning to federal custody he wrote a letter to the Court inquiring about his appeal. The Court did receive a three-sentence letter from Martinez which asked about the status of his appeal. CRDE 230 ("I was wondering if you could tell me what happen to my appeal. I've tried to contact my lawyer and he didn't respond. Please help me with this matter Thank you for your time[.]") (errors in original). But, this unsigned, undated letter was sent on July 19, 2013—over three months after his limitations expiration date of April 17, 2013. *Id.* at 2. On July 31, 2013, the Court issued an Order informing Martinez that no appeal had been filed, construing his letter as a possible attempt to file a § 2255 motion, and notifying Martinez of the potential consequences of proceeding pursuant to 28 U.S.C. § 2255. CRDE 231 at 1-2 (citing *Castro v. United States*, 540 U.S. 375, 383 (2003)).

Martinez may have filed his instant 2255 Motion shortly after the Court's July 31st Order, but it was still nearly four months too late. Martinez does not allege that he was prevented from inquiring into the status of any appeal prior to the expiration of the § 2255 limitations period. He does not allege that he was physically prevented from filing a timely § 2255 motion. He does not allege that he was mislead regarding his § 2255 rights or limitations period.

Further, Martinez's claim that his counsel failed to file a requested appeal is conclusory. Martinez states that he told his counsel he wanted to appeal immediately after sentencing. But, he provides no facts to support this claim. He does not discuss where the conversation took place, why he wanted to appeal, or what De Coss said in response. Martinez states that he lost touch with De Coss, but he does not provide the Court with any facts indicating that he was diligent in attempting to contact De Coss. He has provided no other facts indicating that he timely pursued his rights.

Martinez's allegations concerning his instructions to De Coss are also unsupported by the record. Martinez was sentenced on March 19, 2012. CRDE 185 at 1. That same day, De Coss filed a Statement on Right to Appeal. CRDE 179. In relevant part, this Statement provides as follows.

> 1.      Defendant was interviewed on March 19, 2012 in regards to his right to appeal the sentence imposed by this honorable Court on the same date. Defendant was advised on the timeliness within which to file a notice of appeal.
>
> 2.      Defendant informed undersigned attorney that although he did not want to file a notice of appeal at this time he would continue to think about it and would advise if there was any change in his decision.

>   3. Defendant, Juan Antonio Martinez Jr. was specifically advised of the risk involved in not making a final decision considering the fact that he might be transferred back to the state of Alabama at any time or that inability to contact me in a timely manner could impair his ability make any future filings concerning the appeal of his case.
>
>   4. Juan Antonio Martinez Jr., refused to sign the written notice on appeal rights and waiver attached to the PSR, but also did not instruct me to file a notice of appeal.

*Id.* at 1 (errors in original).

Despite the Government's reliance on De Coss's Statement in its currently pending Motion (Dkt. No. 17 at 13), Martinez has not submitted anything to contradict De Coss's Statement. In fact, Martinez has not filed anything with the Court since he filed his 2255 Motion. Martinez has been given an opportunity to address the Government's equitable tolling arguments, but has failed to allege facts indicating that equitable tolling applies. Martinez's allegations do not demonstrate that he has exercised reasonable diligence, nor do they show that extraordinary circumstances prevented him from filing a timely § 2255 motion. Accordingly, Martinez's 2255 Motion should be dismissed as untimely pursuant to 28 U.S.C. § 2255(f).

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Martinez has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

The undersigned recommends that the Court (1) grant the Government's Motion (Dkt. No. 17) to the extent it argues that dismissal is proper pursuant to 28 U.S.C. § 2255(f); and (2) dismiss Martinez's 2255 Motion (Dkt. No. 1) as time-barred pursuant to 28 U.S.C. § 2255(f).

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds

of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 15th day of May, 2014.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**